**PAUL A. JAMES, Plaintiff**

**v.**

**UNITED STATES POSTAL SERVICE, Defendant**

Civil No. 77/86

District Court of the Virgin Islands

Div. of St. Croix

August 31, 1979

ALBERT A. SHEEN, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

MARC E. ALBERT, ESQ., Special Assistant United States Attorney (Office of the U.S. Attorney), Christiansted, St. Croix, V.I., *for defendant*

YOUNG, *District Judge*

## MEMORANDUM OPINION WITH ORDER

Plaintiff seeks judicial review pursuant to 5 U.S.C. § 704[1] of a decision from the Postal Services Board of Contract Appeals upholding termination of a mail transportation contract and limiting plaintiff's damages. Two questions are presented for review: (1) Whether the Postal Services Contract executed by the parties is unconscionable; and (2) if unconscionable, whether the unconscionability renders the contract unenforceable. For the reasons put forth below, the decision of the Postal Services Board of Contract Appeals will be affirmed.

On July 1, 1974, plaintiff and defendant reviewed a contract for a four-year term for the pick-up and delivery of mail on a round trip basis between Christiansted, Kingshill and Frederiksted. Approximately two years later, plaintiff's contract was terminated for use of an undersized vehicle pursuant to clause 16(a)(1), (3) and (10)[2] of Postal Services Form 7407 which had been incorporated by reference into the contract.

---

[1] Title 5 U.S.C. § 704 in pertinent part provides:

"[F]inal agency action for which there is no other adequate remedy in a court [is] subject to judicial review."

[2] Clause 16 of Postal Services Form 7407 in relevant part provides:

"(a) Upon the determination by the Contracting Officer that the public interest requires such action as a result of any of the following, the Contracting Officer may terminate the Contractor's right to continue performance under the contract . . .

(1) for Contractor's failure to perform service according to the terms of the contract;

. . .

(3) for the Contractor's disobedience of the instructions of the Contracting Officer;

. . .

(10) if the Contractor's transportation equipment is insufficient, inadequate or otherwise inappropriate for the service."

The Postal Services Board found that plaintiff was not in default under clause 16(a) because of plaintiff's long-standing use of an undersized vehicle. Thus, the Postal Services Board pursuant to clause 16(c)[3] converted plaintiff's termination for default into a termination for convenience under clause 17.[4] The Postal Services Board furthermore upheld the contractual limitation of plaintiff's damages to $1/12$ of plaintiff's annual compensation.

The standard of review of agency decisions on government contracts is governed by section 1 of the Wunderlich Act, 41 U.S.C. § 341. That section provides that the agency decision: "[S]hall be final and conclusive unless the same is fradulent [sic] or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence". Plaintiff has not herein met this standard of review.

■■ The use of termination for convenience clauses in postal services contracts is authorized by regulation, 39 C.F.R. § 601.102(a),[5] and has been upheld by the judiciary. John Reiner & Co. v. United States, 325 F.2d 438, 442 (Ct. Cl. 1963), cert. denied, 377 U.S. 931 (1964). Such clauses cover contracts improvident in origin and contracts which supervening events show to be onerous or unprofitable. Colonial Metals Co. v. United States, 494 F.2d 1355, 1361 (Ct. Cl. 1974). Thus, in view of the authorization for such clauses by regulation and their judicially determined validity, I cannot find unconscionable the use of a termination for convenience clause in a postal services contract.

---

[3] Clause 16(c) of Postal Services Form 7407 in pertinent part provides:
"If, after notice of termination of this contract under the provisions of this Clause, it is determined for any reason that the Contractor was not in default under the provisions of this clause . . . , the rights and obligations of the parties shall be the same as if the notice of termination had been issued pursuant to Clause 17."

[4] Clause 17 of Postal Services Form 7407 provides for termination of the contract when it is in the "best interest" of the Postal Service.

[5] 39 C.F.R. § 601.102(a) renders the Postal Contracting Manual, of which Postal Services Form 7407 is a part, applicable to all Postal Service procurements of services.

Absent a showing of bad faith or abuse of discretion, terminations for convenience are conclusive because the contracting officer is declared in clause 17 to be judge of the government's best interest. Id. In the matter sub judice, plaintiff has not shown any bad faith or abuse of discretion by the contracting officer. Thus, plaintiff's termination is conclusive.

The decision of the Postal Services Board of Contract Appeals upholding termination of plaintiff's mail transportation contract and limiting plaintiff's damages will be affirmed. Since I found the termination for convenience clause conscionable, I need not reach the second issue raised by plaintiff, namely whether the unconscionability of the postal services contract rendered it unenforceable.

### ORDER

For the reasons set forth in the Memorandum Opinion of even date herewith, it is hereby

ORDERED that the decision of the Postal Services Board of Contract Appeals be AFFIRMED.